**Harold J. BROWN, Plaintiff,**

v.

**Civil No. 95–106–FR.**

United States District Court,
D. Oregon.

Feb. 26, 1997.

Loren W. Collins, Enfield, Brown & Collins, Salem, OR, for Plaintiff.

Hardy Myers, Attorney General, William C. Tharp, Assistant Attorney General, Salem, OR, for Defendants.

## OPINION AND ORDER

FRYE, District Judge.

The plaintiff, Harold J. Brown, brings this action against his employer, the Department of Corrections of the State of Oregon, and George Baldwin, Jr., the Superintendent of the Eastern Oregon Correctional Institution, alleging racial discrimination in failing to promote him from correctional officer to sergeant and in creating and acquiescing in a hostile work environment. Before the court is Brown's motion to compel discovery (# 42).

## LEGAL STANDARDS

Fed.R.Civ.P. 26(b)(1) states:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

## ANALYSIS AND RULING

Brown moves the court to order the defendants to produce documents, created generally from 1990 to the present, from the Eastern Oregon Correctional Institution, where Brown is employed, as follows:

1. *Request for Employment Applications, Interview Questions, or Examinations for Position of Sergeant*

The defendants state that records which still exist have been produced. The defendants represent that other records sought, including some on microfilm, have been destroyed according to normal document destruction schedules. The court accepts this representation and denies Brown's motion to compel as to these records.

2. *Request for Merit Rating Reports for Successful Applicants for the Position of Sergeant*

The defendants state that documents contained in personnel files, including the requested merit rating reports, frequently known as performance evaluations or performance reviews, are protected from discovery by the public records statutes of the State of Oregon, ORS 192.001 *et seq.*, and by a federal qualified privilege for official information. Brown contends that he has made a discovery request, and not a request for disclosure under public records statutes, and thus the public records statutes do not apply. Brown also contends that the reasons supporting disclosure of the documents outweigh the public's interest in confidentiality.

Oregon law provides that "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505." ORS 192.420. The defendants object to disclosure on the basis of ORS 192.502(2), which exempts from disclosure:

Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if the public disclo-

sure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy.

ORS 192.502(2) confers a conditional prohibition on the public disclosure of information maintained in personnel files. However, ORS 192.502(2) is not a statute that creates an evidentiary privilege exempting these documents from discovery. Rather, ORS 192.502(2) is a public records law that creates an exception to the rule that every person has a right to inspect the records of any public body. The court concludes that ORS 192.502(2) does not limit the broad discovery authorized by Fed.R.Civ.P. 26(b)(1).

■ Brown alleges causes of action in his complaint based on federal statutes. Federal common law acknowledges a qualified privilege for official information, including government personnel files. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990, as amended, 1991) (police officer personnel files in national origin discrimination action), *cert. denied*, 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991). This federal privilege bars discovery of the requested information if the potential disadvantages of disclosure outweigh the potential benefits of disclosure. *Id.* at 1033–34.

Brown represents that the defendants stated that he was not promoted to the position of sergeant because he performed poorly in the hiring interview. Brown contends that he must be allowed discovery of the performance records of the successful applicants to show that he was clearly the superior candidate and that the proffered reason for the defendants' failure to promote him is a pretext. The defendants contend that producing the personnel files of other employees is an unreasonable invasion of the privacy of these employees.

The court is concerned about the privacy of the successful applicants for the position of sergeant. This information, however, is dissimilar to many kinds of information protected by the official information privilege. For example, citizens frequently provide confidential information to a government concerning the criminal activities of others. Disclosure of informant information could chill the willingness of citizens to come forth with such confidential information. The court does not believe that this type of chilling effect will cause people to refrain from considering employment at the Department of Corrections. Because the positions of sergeant are apparently filled from a pool of applicants within the Department of Corrections, information in the personnel file of an applicant is considered when making a promotion decision. Brown needs access to this information to reasonably prosecute his discrimination action. In addition, there is the public interest in halting discriminatory conduct, if any, within a public agency. The privacy concerns raised by the defendants are legitimate concerns, but they can be protected by a carefully crafted protective order. The court concludes that the benefits of disclosing the merit rating reports outweigh the disadvantages of disclosure. The defendants must produce these reports, subject to a protective order.

### 3. Request for Work Assignment Records for Successful Applicants for the Position of Sergeant

The defendants state that all of the records that exist have been provided to Brown. The court accepts the defendants' representation and denies Brown's motion to compel as to these records.

### 4. Request for Personnel Files for Successful Applicants for the Position of Sergeant

The defendants' objections concerning privilege and privacy have been addressed above in the discussion on the merit rating reports. That analysis applies equally to the personnel files.

The defendants also contend that the request for the files for successful applicants for the position of sergeant is overly broad and will require a search of more than two dozen personnel files. Brown has limited the search to the period from 1990 to the pres-

ent. The number of files is not overly large and is indicative of the number of jobs for which Brown contends he was qualified. The court does not read the request as requiring the defendants to sort through the responsive personnel files to separate documents but, instead, to produce the files in their entirety. The defendants must produce the personnel files for successful applicants for the position of sergeant, subject to a protective order.

5. & 6. *Request for Records of an Incident between Sergeant Gilliland and Officer Cleveland relating to an Alleged Racial Slur and Records of an Incident between Officer Frazier and the Posse Commitatus*

The defendants state that the only records responsive to these requests are Brown's own hand-written memoranda. Brown argues that Sergeant Gilliland testified at his deposition that he was directed to document his response to the incident; that he did so; and that he later saw this documentation in his own personnel file. The defendants are ordered to search Sergeant Gilliland's personnel file and, subject to a protective order, produce all documents contained therein that are responsive to this motion to compel.

7. *Request for Affirmative Action Plans*

The defendants agree to provide those affirmative action plans from 1990 to 1995 which have not yet been produced.

## CONCLUSION

Brown's motion to compel discovery (# 42) is GRANTED as stated above. The parties state that a stipulated protective order was submitted for filing on March 21, 1996, but the court has not docketed any protective order. The parties are to submit to the court a stipulated protective order which comports with this opinion and order. If the parties cannot stipulate, the defendants shall submit a proposed protective order within two weeks from the date of this opinion and order. Brown shall submit within seven (7)

days thereafter any objections to the proposed protective order.

IT IS SO ORDERED.